IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION



| | |
|---|---|
| GREENGAEL, LC, *et al.*, <br> *Plaintiffs,* <br><br> v. <br><br> THE BOARD OF SUPERVISORS OF CULPEPER COUNTY, VIRGINIA, <br><br> *Defendant.* | CASE NO. 3:07-CV-00005 <br><br><br> OPINION AND ORDER <br><br><br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on the Defendant's February 23, 2007 Motion to Dismiss. Against Greengael, Defendants plead res judicata and statute of limitations. Against the "Smith plaintiffs" on claims related to the denial of Greengael's subdivision plan and rezoning of Greengael's property, Defendant pleads lack of standing and, to the extent that the Smiths are entitled to standing as privies of Greengael, the same res judicata and statute of limitations defense. Against the Smiths on their claims related to changes in the usage of the Smith property, Defendant pleads a failure to state a claim on which relief can be granted. Greengael responds that res judicata cannot apply because no hearing on the merits of its federal claims has ever taken place, and attacks the limitations period argument by characterizing a prior suit in state court as "exhaustion of administrative remedies."

## I. BACKGROUND

In the light most favorable to Plaintiffs, the facts are as follows. Greengael purchased

property in Culpeper county which, at the time of purchase, was zoned R- 4 (multi-family residential). This zoning did not comport with the County's "comprehensive plan," which called for a light-industrial area. Greengael then submitted a subdivision plan showing a mixed-use development including low and moderate income housing, retail, and single-family homes. This application was denied. The County then proceeded to change the zoning of Greengael's property to LI, or "light industrial." This act prevented any residential development of the property. Greengael, dissatisfied with these decisions, filed two suits in the local court, which were consolidated.

The suits alleged various state-law claims related to zoning, and also demanded monetary damages under Fifth Amendment, the Fair Housing Act, and 42 U.S.C. § 1983. The trial court dismissed the federal monetary claims as unripe because Greengael had not exhausted administrative remedies. Greengael then presented the claims administratively, and they were denied. When Greengael sought to bring them back to the state court, it dismissed them a second time, this time on the grounds that they had been the subject of a previous suit and were thus barred by *res judicata*. The trial court then went on to rule that the County had acted arbitrarily and capriciously in denying the subdivision plan and approving the rezoning.

Both parties appealed. The County objected to the overturing of its planning decision, and Greengael objected to the dismissal of its Federal monetary claims, arguing that a dismissal on ripeness grounds should not have res judicata effect. The Virginia Supreme Court agreed with the County and overturned the trial courts finding of arbitrary and capricious action by the County. In its decision, it explained its failure to decide the correctness of the trial courts res judicata decision by calling the issue "moot." According to that court's decision, Greengael concurred in that assessment at oral argument. No writ of certiorari was filed in the Supreme

Court of the United States.

Greengael now files FHA, § 1983, and Fifth Amendment takings claims in this Court.

## II. STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243--44 (4th Cir. 1999). In considering a Rule 12(b)(6) motion, a court must accept all allegations in the complaint as true, must draw all reasonable inferences in favor of the plaintiff, and should not dismiss unless the defendant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claim" that would allow the plaintiff relief. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *see also Edwards*, 178 F.3d at 244; *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001). Stated differently, a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002).

Although a motion filed under Rule 12(b)(6) "should be granted only in very limited circumstances," *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989), a plaintiff still "must sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist," *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 344–45 (4th Cir. 2006), *reh'g en banc denied*, 467 F.3d 378 (4th Cir. 2006); *see also Inman v. Klöckner-Pentaplast of America, Inc.*, No. 3:06cv00011, 2006 WL 3821487, at *4 (W.D. Va. Dec. 28, 2006) (collecting post-*Swierkiewicz* holdings in Rule 12(b)(6) cases in the Fourth Circuit).

*Res judicata* justifies granting a 12(b)(6) motion because even where the Plaintiff can plead and prove a redressable injury, the fact of a prior judgment prevents a court from providing

any relief.

## III. DISCUSSION

*a) Greengael's federal claims and res judicata*

This court is bound by 28 U.S.C. § 1738 to give the same preclusive effect to state court decisions that they would receive in state courts which rendered them. In Virginia, the law of *res judicata* dictates:

> When the second suit is between the same parties as the first, and on the same cause of action, the judgment in the former is conclusive of the latter, not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined, within the issues as they were made or tendered by the pleadings, or as incident to or essentially connected with the subject matter of the litigation, whether the same, as a matter of fact, were or were not considered. As to such matters a new suit on the same cause of action cannot be maintained between the same parties.

*See, e.g., Kemp v. Miller*, 166 Va. 661, 674-75, 186 S.E. 99, 103-04 (1936). In deciding whether the "cause of action" is the same, Virginia courts ask if

> the facts essential to the maintenance of the two actions are the same. If the same facts or evidence would sustain both actions, then the two actions are considered the same and a judgment in one bars any subsequent action based upon the same facts. If different proof is required to sustain the different actions, a judgment in one is no bar to the maintenance of the other.

*Cohen v. Power*, 183 Va. 258, 261, 32 S.E.2d 64, 65 (1944). The party invoking *res judicata* has an obligation to provide a complete record of the prior case to permit a subsequent court to make this determination. *Bernau v. Nealon*, 219 Va. 1039, 1041, 254 S.E.2d 82, 84 (1979).

When filing a suit over a given incident, a plaintiff must bring all of his arguments to the table at one time in one suit, or risk losing them forever.[1] As *Kemp* makes clear, res judicata bars

---

[1] It is also possible to make the so-called *England* reservation of federal claims in state court, preserving federal claims to be heard in federal court. *England v. Louisiana Bd. of Medical Examiners*, 375 U.S. 411, 11 L. Ed. 2d 440, 84 S. Ct. 461 (1964). That clearly did not occur here, as Greengael has twice explicitly brought its federal clams to state court.

not only claims actual litigated, but claims which *could have been* litigated which arise out of the same facts. There is no requirement that a particular claim actually be resolved on the merits. *See, e.g., Gilbreath v. Brewster*, 250 Va. 436, 440, 463 S.E.2d 836, 837 (1995). All that is required is that the dispute itself must have been so resolved, in a forum which would have allowed the bringing of the claim the defendant now seeks to bar.

The crux of this case, then, is whether the claims Greengael brings in this suit were or could have been brought in their prior series of suits against the County. If so, then they are barred despite never having received a full airing. If not, then this Court may consider them.

Greengael attempted to bring its Federal claims in state court, only to suffer dismissal because it had not offered the County an opportunity to consider the claim administratively. The monetary claims were thus unripe. After presenting the County with their claims and being rejected, they sought to bring them back into state court, suffering a second dismissal, this time on *res judicata* grounds.

Thus the key point is consideration of what the Virginia Supreme Court did with regard to Greengael's federal claims. Greengael has insisted that the court "mooted" them, but did not rule on the merits, and thus *res judicata* does not apply because Greengael has never had a real opportunity to litigate these clams. Put another way, Greengael contends they could *not* have brought their claims because 1) they were unripe at first and 2) Virginia courts have refused, without justification, to hear them now that they are ripe. Greengael alleges that the decision not to litigate them in the same suit as the zoning issues was beyond their control, and thus Greengael should not be bound by it..

The federal monetary claims are not moot in the sense that no active controversy exists. The County has neither approved the subdivision plan nor reversed the decision to rezone the

property. What issue, then, was rendered moot by the decision? The issue mooted was Greengael's appeal of the trial court's dismissal, on *res judicata* grounds, of its federal claims. Greengael assigned error to that second dismissal, presumably arguing as they do here that the trial court lacked jurisdiction to hear unripe claims, and that a dismissal for want of jurisdiction should not have preclusive effect. The Virginia Supreme Court declined to decide that particular question because the answer to it did not matter. The result did not matter because the *rest* of the decision, finding that the County had acted within its rights, meant that Greengael was destined to lose on its federal monetary claims.

That is to say, the Virginia Supreme Court *did* render a decision on the merits of Greengael's federal claims: it found them to be without merit, impossible to win even with full consideration, in light of its findings on the questions of state law.

It is possible that this decision was erroneous. In particular, it may be that the federal standard for FHA and § 1983 violations is looser than the "arbitrary and capricious" standard applied for the state law claims; the issue has not been briefed and this Court expresses no opinion. However, this is not an error-correcting court, so that even if Greengael persuasively argued that a different standard should apply, this Court would still be without power to render a contrary decision. To the extent that Greengael attempts to argue that the Virginia Supreme Court has made errors of fact or law, those errors can only be corrected on direct appeal, either by filing a writ of certiorari in the U.S. Supreme Court or asking for reconsideration.

Because Greengael's federal monetary claims are all barred by *res judicata*, there is no need to reach the question of timeliness or the definition of "administrative remedy" as briefed by the parties.

*b) The Smith Plaintiffs' claims related to actions against Greengael*

The Smith family's claims related to the actions against Greengael must also be dismissed. The Constitution limits the jurisdiction of Federal courts to "case[s] or controvers[ies]." U.S. Const. Art. III § 2. This is generally understood to limit the sort of actions which the courts can hear to those in which a litigant can

> clearly demonstrate that he has suffered an "injury in fact." That injury, we have emphasized repeatedly, must be concrete in both a qualitative and temporal sense. The complainant must allege an injury to himself that is distinct and palpable, as opposed to merely abstract, and the alleged harm must be actual or imminent, not conjectural or hypothetical. Further, the litigant must satisfy the causation and redressability prongs of the Art. III minima by showing that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision.

*Whitmore v. Arkansas*, 495 U.S. 149, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990) (internal quotations and citations omitted). Here, the Smith Plaintiffs allege that the refusal by the County to approve the subdivision plan, and the subsequent rezoning of Greengael's property, have denied them affordable housing by preventing them from purchasing in the neighborhood that Greengael planned to develop. "When...a plaintiff's asserted injury arises from the government's allegedly unlawful regulation (or lack of regulation) of *someone else*," more than the mere assertion of the govenrment conduct is required to establish standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). The plaintiff must in such cases show that the choices of third parties and external events which flow from the government action–and the choices and events which would flow from reversal–actually prove a redressable injury. *Id.*

Consider the steps necessary for the Smiths to have successfully obtained affordable housing from Greengael. 1) The development itself would have had to have cleared further

regulatory and environment hurdles, 2) Greengael would have had to build the development as planned, without major changes, 3) the project would have had to receive adequate financing as well as possible Federal subsidies, 4) after completion, the Smiths would have had to have adequate resources to purchase housing, and 5) a unit or units would have had to be available for the Smiths to purchase or lease. This is a very long chain of inferences, and one which is far too speculative for this Court to conclude that the Smiths actually suffered any injury at all.

Fair housing suits have looser standing requirements than do many other types of suits, because Congress has expressly expanded the standing doctrine to the limits of its constitutional power. *See Trafficante v. Metropolitan Life Insurance*, 409 U.S. 205, 34 L. Ed. 2d 415, 93 S. Ct. 364 (1972). In that case, residents of an apartment complex alleged that potential tenants had been rejected on the basis of race. *Id* at 206. The district court dismissed the case because the tenants themselves were not direct victims of discrimination. *Id* at 208. The Supreme Court found that, although they were not conventional plaintiffs, they had suffered a constitutionally cognizable injury by deprivation of the benefits of interracial association. *Id* at 211-12. According to *Trafficante*, the Fair Housing Act suits permits suits even by plaintiffs with only indirect injuries caused by adverse actions against third parties. Congress, however, lacks the power to stretch constitutional limits; plaintiffs must still be able to show an actual injury, causation, and redressability. The Supreme Court took note of this even as it stretched Fair Housing Act standing beyond the usual limits. *Id* at 212 ("[T]here is not present the *abstract question* raising problems under Art. III of the Constitution") (emphasis added). The *Trafficante* plaintiffs' injury was not speculative or remote; certain specific people had already been turned away from their apartment complex because of race, and others were permitted to rent because of race, so that it was clear that interracial associations were impaired. But as discussed above, to

reach the same conclusion for the Smith Plaintiffs requires an extensive chain of assumptions, none of which are certain. Because the Smith Plaintiffs cannot show an actual injury, their Greengael-derived claims fail on standing grounds.

As with Greengael's claims, this Court expresses no opinion on the statute-of-limitations or "administrative remedies" arguments related to the Smith Plaintiffs.

*c) The change in zoning regulations governing the Smith property*

The final issue is the alleged change in zoning laws which affected the ability of the Smith Plaintiffs to expand their existing home or construct a new residence on their own property. The Court has before it an undated sheet of paper, unsupported by affidavit, which is apparently a page from the zoning laws defining what M-2 means, and showing in particular that residential uses are not permitted. Plaintiffs allege that some sort of change was made in November 2006 which restricted their use of the property. No evidence for this claim is presented, nor have Plaintiffs even clearly described the change which supposedly occurred. Defendants have similarly failed to clarify the nature of the change, if any. Under Rule 12, a court is entitled to treat any motion which relies on evidence outside the pleadings as one for summary judgment under Rule 56; here, at least one item of factual evidence has been introduced, so this motion is properly one for summary judgment. Summary judgment is available if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317,322 (1986) *Gresham v. Lumbermen's Mut. Cas. Co.*, 404 F.3d 253, 259-60 (4th Cir. 2005). The burden is on the moving party. Here, there is at least one genuine issue: the nature of the change made in 2006. Plaintiff has alleged that this change prevents the Smith home from being expanded; defendant denies this. Defendant's motion must be denied at this time, with leave to

re-file when the record is more fully developed.

## IV. CONCLUSION

Defendant's Motion to Dismiss is GRANTED in part and DENIED in part.

Because the Complaint is written so as to mix all of the claims by all plaintiffs together in each count, it is not possible to dismiss only particular counts while leaving others intact. All counts will therefore remain but their scope will be narrowed as follows:

All claims by Greengael are hereby DISMISSED as barred by *res judicata*. Greengael is to be DISMISSED from this action as a plaintiff. All claims by the Smith Plaintiffs related to the subdivision plan and rezoning of property owned by Greengael are DISMISSED for lack of standing.

The Smith Plaintiffs' claims related to the alleged change in the zoning regulations governing their M-2 zoned home shall not be dismissed, but the Court will entertain further motions when the record is more complete.

It is so ORDERED.

The Clerk of the Court is directed to send a certified copy of this Order to all counsel of record.

ENTERED: *[signature]*
U.S. District Judge

*June 1, 2007*
Date